**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-cv-20766-ALTMAN**

**MIRIAM HERNANDEZ,**

     *Plaintiff,*

*v.*

**HON. PEDRO ECHARTE, JR.,** *et al.*,

     *Defendants.*

_____/

**ORDER DENYING MOTION FOR LEAVE TO**
**PROCEED *IN FORMA PAUPERIS***

Our Plaintiff, Miriam Hernandez, has filed a Motion for Leave to Proceed *in Forma Pauperis* (the "IFP Motion") [ECF No. 3] in her lawsuit against Judge Pedro Echarte, Jr.; Harold B. Kite Truppman; and State Farm Mutual Automobile Insurance ("State Farm"). Because the Plaintiff's Complaint fails to state a claim on which relief may be granted, we now **DENY** the IFP Motion and **DISMISS** the Complaint [ECF No. 1] **without prejudice** under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

**THE LAW**

A court may authorize a party to proceed *in forma pauperis* in any suit so long as that party complies with the prescriptions of 28 U.S.C. § 1915. But the court must screen such cases and must dismiss a complaint if it concludes that "the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1486 (11th Cir. 1997) (explaining the grounds for dismissal under § 1915).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (cleaned up).

Although "*pro se* pleadings are held to a more lenient standard than pleadings filed by lawyers," *Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 974 (11th Cir. 2012), that leniency "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action," *GJR Inv., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1989). *Pro se* litigants "cannot simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim . . . . [J]udges cannot and must not 'fill in the blanks' for *pro se* litigants; they may only cut some 'linguistic slack' in what is actually pled." *Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (Altonaga, J.) (cleaned up).

### ANALYSIS

Hernandez, acting *pro se*, alleges a "conspir[acy] . . . to violate Plaintiff's constitutional right to due process[.]" Complaint at 1. She claims that, "[i]n Case No. 2022-004574 CA, pending in Miami-Dade Circuit Court, presided over by Judge Pedro Echarte, Jr., Miriam Hernandez, as Plaintiff, sued for personal injury (including four front teeth, one molar crown, and other injuries) and property damages (a total loss of her car) in regard to an August 25, 2020 auto incident in which Plaintiff was rear ended." *Ibid.* She adds that "Attorney Harold B. Kite Truppman, [who] represented Plaintiff in that action . . . . through duress improperly forced Plaintiff to accept a purported $30,000 settlement of that case, as a result of a mediation that Plaintiff was not allowed to attend, with State Farm Insurance Company, the insurer of the defendant in that case." *Id.* at 2. In Hernandez's words:

> The motions that were noticed for hearing and "granted" were never served on Miriam
> Hernandez in violation of due process and as such was void . . . . The usual process of

not serving Miriam Hernandez is especially violative of due process and reflects a prejudicial attitude on the Court's part, further invalidating the Order [directing the Clerk of Court to disburse settlement funds to Hernandez's lawyer, Mr. Truppman].

An Order was also entered on October 5, 2023, granting Stakeholder Neurology Associates Group Inc. D/B/A Citimed Group's Motion for Disbursement of Funds from the Court Registry and directing Clerk to Close Case[.] This Motion was not noticed for hearing but was heard in violation of due process so that the ensuing order was void. Here again the Order was not served on Miriam Hernandez . . . . These circumstance . . . clearly reflect an prejudicial attitude on Judge Pedro Echarte, Jr.'s part, adverse to Plaintiff, further invalidating the Order . . . .

Defendants have withheld and have failed and refused to pay any funds to Plaintiff Miriam Hernandez or do the federally governed Medicare in discharge of its lien. That includes the remaining seven thousand dollars in funds, dispersed to the court registry, in the purported settlement, a product of duress . . . .

Wherefore, Plaintiff demands judgment against Defendants for damages, to nullify the alleged settlement entered into through duress, and to pay the Medicare lien.

*Id.* at 2–4 (errors in original).

Hernandez's Complaint fails for any number of reasons. *First*, it's an impermissible shotgun pleading. To comply with federal pleading standards, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Federal Rules also require plaintiffs to "state [their] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). "A 'shotgun pleading' is one that lacks the minimum clarity, brevity, or coherence required by Rules 8 and 10 of the Federal Rules of Civil Procedure." *Lozano v. Prummell*, 2022 WL 4384176, at *2 (M.D. Fla. Sept. 22, 2022) (Steele, J.). As the Eleventh Circuit has explained, a complaint is a shotgun pleading if it:

(1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019).

All shotgun pleadings share two characteristics. *See Dorman v. Palm Beach Cnty.*, 2020 WL 2078527, at *1 (S.D. Fla. Apr. 30, 2020) (Altman, J.). *First*, they "fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). *Second*, they "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (cleaned up).

Hernandez's Complaint is a shotgun pleading in at least two ways.

*One*, it "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323. Specifically, Hernandez demands "judgment against [all three] Defendants for damages," but she fails to specify "which of the [D]efendants is the target of the particular claim" and thus does not "provide the Defendants with adequate notice of the claims brought against them." *Duncan v. NCS Pearson, Inc.*, 2022 WL 4632779, at *3 (S.D. Fla. Sept. 12, 2022) (Reinhart, Mag. J.), *report and recommendation adopted*, 2022 WL 4598717 (S.D. Fla. Sept. 30, 2022) (Cannon, J.).

*Two*, the Complaint fails to separate into a different count each cause of action. In fact, it doesn't separate out *even a single* cause of action. Under one long section titled "Complaint," Hernandez vaguely gestures at a "conspir[acy]" between Judge Echarte, her former lawyer (Mr. Truppman), and State Farm to "violate [her] constitutional right to due process." Complaint at 1. She also claims that she wasn't served with certain state-court filings, and that some motions in her state-court case were "not noticed for hearing." *Id.* at 3. According to Hernandez, "[t]hese circumstance[s]" are "violative of due process, in violation of the XIV Amendment of the U.S. Const., and reflects a prejudicial attitude of the presiding judge, Hon. Pedro Echarte, Jr." *Ibid.* And she alludes, several times, to a

"settlement agreement entered through duress," *id.* at 4, but it's unclear from the Complaint whether Hernandez intends her duress claim to be a separate cause of action. Because the Plaintiff "does not separate the allegations into separate claims for relief or identify which facts, if any, pertain to each claim for relief, . . . the Complaint fails to give the [D]efendants adequate notice of the claims against them and the grounds upon which each claim rests." *Hayes v. Qualified Prop. Mgmt. of S. Blvd. Townhouse Condos, Inc.*, 2021 WL 5748289, at *2 (M.D. Fla. Nov. 15, 2021) (Sneed, Mag. J.), *report and recommendation adopted*, 2021 WL 5743434 (M.D. Fla. Dec. 2, 2021) (Honeywell, J.) (cleaned up).

In addition to being a shotgun pleading, the Complaint is facially deficient under 28 U.S.C. § 1915(e)(2)(B) in two glaring ways. *One*, "the Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to acts of the states, not to acts of private persons or entities." *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982); *see also Henry v. Norcross*, 2016 WL 9558939, at *18 (N.D. Ga. Nov. 14, 2016), *report and recommendation adopted*, 2017 WL 3836125 (N.D. Ga. Jan. 5, 2017) ("The [p]laintiff does not suggest how a 'due process' claim is viable. Constitutional claims [against state actors], typically brought under 42 U.S.C. § 1983, are cognizable only against governmental actors and not private [actors] . . . . Because [p]laintiff's due process claim is brought against private actors, the undersigned finds that she has failed to state a claim as against [d]efendant Wanda Smith."). Here, Hernandez appears to be asserting due-process claims against her lawyer and State Farm, *see* Complaint at 1, and she doesn't even mention 42 U.S.C. § 1983, *see generally* Complaint. Because the Fourteenth Amendment protects us only against violations by state—and not private—actors, the Plaintiff's Fourteenth Amendment due-process claims against her lawyer and State Farm must be dismissed.

*Two*, Hernandez purports to assert constitutional claims against a state-court judge who was acting within the scope of his judicial duties. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the

clear absence of all jurisdiction." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (cleaned up). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Sibley*, 437 F.3d at 1070; *see also Cox v. Mills*, 465 F. App'x 885, 887 (11th Cir. 2012) ("Generally, a judge will retain her immunity even if it is alleged that she *conspired with other parties* to bring about a deprivation of another's rights." (emphasis added)). In our case, other than referring to the judge's "prejudicial attitude," Complaint at 3, the Plaintiff *never* suggests that Judge Echarte was acting in his individual—as opposed to his judicial—capacity. And the supposed acts of "misconduct that [Hernandez] allege[s]"—"that the state court judge[ ] held hearings [and] disposed of motions" —"are all, by their nature, normal judicial functions." *Cox*, 465 F. App'x at 887. Since the Plaintiff is trying to sue a judge in his judicial capacity *for damages*, the judge-defendant is entitled to absolute immunity.[1]

The Complaint, as it stands, suffers from several fatal flaws. As we've explained, it's a shotgun pleading because it "fails . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. The Complaint also seeks to impose liability on an absolutely-immune state-court judge and purports to bring claims under the Due Process Clause of the Fourteenth Amendment against private actors. For all these reasons, we dismiss the Complaint under § 1915(e)(2)(B). Still, we'll give the Plaintiff one opportunity to amend her Complaint in a manner that's consistent with the Federal Rules, Eleventh Circuit law, and this Order.[2]

---

[1] The Defendants have not yet been served, *see generally* Docket, but their "failure to plead the affirmative defense of judicial immunity" does *not* "preclude[ ] dismissal" because "dismissal is available, as in this case, when the defense is an obvious bar given the allegations." *Sibley*, 437 F.3d at 1070 n.2.

[2] While we hold *pro se* pleadings to a less stringent standard than pleadings drafted by lawyers, we cannot make a plaintiff's arguments for her (or allow a plaintiff to move forward with claims that are plainly prohibited by law). If the Plaintiff wants to proceed with this case and file an amended complaint, she *must* assert viable claims against the Defendants.

Accordingly, the Court hereby **ORDERS and ADJUDGES** as follows:

1. The Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* [ECF No. 3] is **DENIED**.

2. The Complaint [ECF No. 1] is **DISMISSED without prejudice**. By **March 29, 2024**, the Plaintiff shall file an amended complaint. If, by that date, the Plaintiff fails to file an amended complaint that complies with the Federal Rules, the Local Rules, and this Order, the case will be dismissed *without* leave to amend.

3. The Clerk of Court shall **CLOSE** this case for administrative purposes pending the Plaintiff's filing of an amended complaint.

**DONE AND ORDERED** in the Southern District of Florida on February 28, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    Miriam Hernandez, *pro se*