UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-20766-ALTMAN/Sanchez

**MIRIAM HERNANDEZ**,

    *Plaintiff*,

v.

**HON. PEDRO ECHARTE, JR.,** *et al.*,

    *Defendants*.

_____/

## ORDER DENYING SECOND MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

On February 27, 2024, our Plaintiff, Miriam Hernandez, filed her initial Motion for Leave to Proceed *in Forma Pauperis* ("First IFP Motion") [ECF No. 3] in her lawsuit against Judge Pedro Echarte, Jr.; Harold B. Kite Truppman (her lawyer); and State Farm Mutual Automobile Insurance ("State Farm"). Because the Plaintiff's Complaint [ECF No. 1] failed to state a claim on which relief could be granted, we denied her First IFP Motion and dismissed the Complaint without prejudice under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). *See* Order Denying Motion for Leave to Proceed *in Forma Pauperis* (the "Order Denying First IFP Motion") [ECF No. 5]. In our Order Denying First IFP Motion, we explained that the Complaint "suffer[ed] from several fatal flaws":

> [The Complaint is] a shotgun pleading because it "fails . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. The Complaint also seeks to impose liability on an absolutely-immune state-court judge and purports to bring claims under the Due Process Clause of the Fourteenth Amendment against private actors. For all these reasons, we dismiss the Complaint under § 1915(e)(2)(B). Still, we'll give the Plaintiff one opportunity to amend her Complaint in a manner that's consistent with the Federal Rules, Eleventh Circuit law, and this Order . . . . If the Plaintiff wants to proceed with this case and file an amended complaint, she *must* assert viable claims against the Defendants.

Order Denying First IFP Motion at 7 & n.2.

The Plaintiff has now filed an Amended Complaint [ECF No. 10] and a Motion for Rehearing of *in Forma Pauperis* Order, which we construe as a Second Motion for Leave to Proceed *in Forma Pauperis* (the "Second IFP Motion") [ECF No. 11]. For the reasons we outline below, we now **DENY** the Second IFP Motion and **DISMISS** the Amended Complaint with leave to amend.

## THE LAW

A court may authorize a party to proceed *in forma pauperis* in any suit so long as that party complies with the prescriptions of 28 U.S.C. § 1915. But the court must screen such cases and must dismiss a complaint if it concludes that "the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1486 (11th Cir. 1997) (explaining the grounds for dismissal under § 1915).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (cleaned up).

Although "*pro se* pleadings are held to a more lenient standard than pleadings filed by lawyers," *Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 974 (11th Cir. 2012), that leniency "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action," *GJR Inv., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1989). *Pro se* litigants "cannot simply point to some perceived or actual wrongdoing and then have the court

2

fill in the facts to support their claim . . . . [J]udges cannot and must not 'fill in the blanks' for *pro se* litigants; they may only cut some 'linguistic slack' in what is actually pled." *Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (Altonaga, J.) (cleaned up).

## ANALYSIS

In her Amended Complaint, the Plaintiff again sues Judge Echarte, Harold B. Truppman, and State Farm. *See generally* Amended Complaint. She again alludes to a prior state-court case, which she refers to as a "kangaroo proceeding[ ]," *id.* at 4, in which she was apparently the plaintiff, Mr. Truppman was her lawyer, and Judge Echarte was the presiding judge, *see id.* at 2. The precise details are difficult to discern, but the Plaintiff appears to be arguing that she was treated poorly by Judge Echarte during those proceedings. *See* Amended Complaint ¶ 8 ("Plaintiff attempted to address the Court (Judge Pedro Echarte) but was immediately shut up by Judge Echarte with warnings of contempt, without any opportunity to argue the missing motion or the lack of merit of that motion at that kangaroo meeting, not in the course of that ex parte kangaroo-court proceeding."). As to the other Defendants, Hernandez tells us that Mr. Truppman "exercis[ed] . . . duress against Plaintiff" by pressuring her to accept a monetary settlement, which "effectively encouraged Judge Echarte to deny Plaintiff due process[.]" *Id.* ¶ 11. "Defendant State Farm," she adds, "additionally improperly encouraged Truppman and Judge Echarte to deny Plaintiff due process and to violate the Medicare lien." *Id.* ¶ 13. Hernandez claims that she hasn't received any settlement funds since the state-court case was closed. *See id.* ¶ 10.

The Plaintiff has largely ignored the clear instructions we gave her in our Order Denying the First IFP Motion. The Amended Complaint, as a result, is still facially deficient in three main ways.

*First*, although we warned the Plaintiff that judges (including state-court judges) are "entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity," Order Denying First IFP Motion at 5, the Plaintiff continues to advance vague and

3

incendiary allegations against a state-court judge, *see* Amended Complaint ¶ 8 (accusing Judge Echarte of presiding over an "ex parte kangaroo-court proceeding"). More problematically, the Plaintiff continues to try to sue Judge Echarte in his judicial capacity for actions taken in the course of "normal judicial functions." *Cox v. Mills*, 465 F. App'x 885, 887 (11th Cir. 2012); *see also* Amended Complaint ¶ 6 (complaining that Judge Echarte set a Zoom hearing "on an accelerated basis"); *id.* ¶ 9 (admitting that Judge Echarte "granted" her lawyer's motion for disbursement of settlement funds).

True, Hernandez no longer seems to be suing Judge Echarte for money damages, and she instead "demands judgment against Judge Pedro Echarte mandating that he not act as a judge in the case or that he withdraw his order entered as a result of the kangaroo proceedings and provide to Plaintiff a proper court hearing in accordance with due process." *Id.* at 4. But, based on the pleadings we have before us, we still think Judge Echarte is immune from suit in this case. Judicial immunity, after all, "is immunity from suit, not just from the ultimate assessment of damages, and it applies even when the judge's action was in error, done maliciously, or taken in excess of his authority." *Malloy v. Julia Jordan Weller*, 2022 WL 472151, at *2 (M.D. Ala. Jan. 25, 2022). For this reason, "[i]n addition to judicial immunity from damages, judges also receive protection from declaratory and injunctive relief." *Ibid.* "To receive declaratory or injunctive relief against a judicial officer under Section 1983, the judicial officer must have violated a declaratory decree or declaratory relief must otherwise be unavailable . . . . In addition, there must also be an absence of an adequate remedy at law." *Tarver v. Reynolds*, 808 F. App'x 752, 754 (11th Cir. 2020) (cleaned up).

In our case, the Plaintiff hasn't even mentioned § 1983, she doesn't allege that Judge Echarte violated a declaratory decree, and she never suggests that she lacks an adequate remedy at law. As one of our colleagues explained in a similar case:

> Plaintiff's attempts to confine his requested relief to declaratory and injunctive relief against Judge Day do not save his cause. Although both declaratory and prospective injunctive relief may be available in § 1983 actions even where judicial immunity would otherwise bar a claim, they are improper to redress Plaintiff's claims against Judge Day

> here. Simply because these types of relief are available does not mean they are appropriate . . . . "To receive declaratory or injunctive relief against a judicial officer under Section 1983, the judicial officer must have violated a declaratory decree or declaratory relief must otherwise be unavailable." *Tarver v. Reynolds*, 808 F. App'x 752, 754 (11th Cir. 2020) . . . .
>
> [I]n order to receive declaratory or injunctive relief against a judicial officer, "there must be an inadequate remedy at law . . . [and a] state appellate process is an adequate remedy at law." *Tarver*, 808 F. App'x at 754. The sole focus of Plaintiff's allegations is to challenge Judge Day's decision, made in his judicial capacity in the State Court Action, and which Plaintiff had the opportunity to and did appeal in state court. Judicial immunity bars such challenges.

*Nestor v. Day*, 2021 WL 3617418, at *9 (M.D. Fla. Aug. 16, 2021) (Honeywell, J.); *see also Malloy*, 2022 WL 472151, at *3 ("[I]n this § 1983 case, declaratory and injunctive relief are improper because there is no suggestion that Justice Parker violated a declaratory decree, and [the plaintiff's] ability to appeal his challenged cases to an appropriate higher court provides him an adequate remedy at law . . . . Accordingly, Justice Parker has absolute immunity from [the plaintiff's] claims for damages, declaratory relief, and injunctive relief."); *Facen v. Battles*, 2023 WL 3309492, at *4 n.4 (M.D. Fla. Apr. 6, 2023) (Richardson, Mag. J.), *report and recommendation adopted*, 2023 WL 3304259 (M.D. Fla. May 8, 2023) (Corrigan, J.) (holding that "[a]ny claims against Judge Fahlgren for injunctive or declaratory relief would also be barred" because the plaintiff "does not allege a violation of a declaratory decree, that declaratory relief is otherwise unavailable, or that there is an absence of an adequate remedy at law").

Our case is very similar. The Plaintiff hasn't alleged a violation of a declaratory decree, and she hasn't suggested that declaratory relief is otherwise unavailable. She also hasn't told us whether she's appealed Judge Echarte's decision or whether there's something prohibiting her from doing so. Since she hasn't come close to overcoming the doctrine of judicial immunity, her claims against Judge Echarte must be dismissed.[1]

---

[1] Moreover, "[t]o the extent the injunctive relief sought" by Hernandez would "interfere[ ] with the state court's judicial process," we "lack[ ] jurisdiction" and would likely "abstain from interfering under

*Second*, the Amended Complaint is still an impermissible shotgun pleading. As we've explained, to comply with federal pleading standards, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Federal Rules also require plaintiffs to "state [their] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). "A 'shotgun pleading' is one that lacks the minimum clarity, brevity, or coherence required by Rules 8 and 10 of the Federal Rules of Civil Procedure." *Lozano v. Prummell*, 2022 WL 4384176, at *2 (M.D. Fla. Sept. 22, 2022) (Steele, J.). In the words of the Eleventh Circuit, a complaint is a shotgun pleading if it:

> (1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019).

All shotgun pleadings share two characteristics. *See Dorman v. Palm Beach Cnty.*, 2020 WL 2078527, at *1 (S.D. Fla. Apr. 30, 2020) (Altman, J.). *One*, they "fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). *Two*, they "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (internal quotation marks omitted).

As with the initial Complaint, the Plaintiff's Amended Complaint violates the third category of shotgun pleading because it doesn't separate out *even a single* cause of action. We, therefore, have no idea whether the Plaintiff's claims are based on "due process," "duress," "deprivation of . . . funds to

---

the principles of *Younger v. Harris*, 401 U.S. 37 (1971)." *Henderson v. Augusta Jud. Cir.*, 2021 WL 1216877, at *3 (S.D. Ga. Mar. 4, 2021), *report and recommendation adopted*, 2021 WL 1204136 (S.D. Ga. Mar. 30, 2021); *see also Facen*, 2023 WL 3309492, at *4 n.4 (same).

which she was entitled," or some other cause of action we're unable to identify. *See* Amended Complaint ¶¶ 11–12. For similar reasons, Hernandez hasn't complied with Rule 8's requirement that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]" FED. R. CIV. P. 8(a)(2). As a result of these deficiencies, the Plaintiff's accusations against Judge Echarte, her lawyer, and State Farm fail to provide the Defendants with adequate notice of the claims against them and the grounds upon which each claim rests. *See Weiland* 792 F.3d at 1323.

*Third*, the Plaintiff continues to assert what we can only interpret as due-process claims against her lawyer and State Farm. *See* Amended Complaint ¶ 11 ("Defendant Truppman improperly participated in that kangaroo proceeding and in exercising the aforementioned duress against Plaintiff . . . effectively encouraged Judge Echarte to deny Plaintiff due process[.]"); *id.* ¶ 13 ("Defendant State Farm additionally improperly encouraged Truppman and Judge Echarte to deny Plaintiff due process[.]"). But, as we've already explained:

> "[T]he Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to acts of the states, not to acts of private persons or entities." *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982); *see also Henry v. Norcross*, 2016 WL 9558939, at *18 (N.D. Ga. Nov. 14, 2016), *report and recommendation adopted*, 2017 WL 3836125 (N.D. Ga. Jan. 5, 2017) ("The [p]laintiff does not suggest how a 'due process' claim is viable. Constitutional claims [against state actors], typically brought under 42 U.S.C. § 1983, are cognizable only against governmental actors and not private [actors] . . . . Because [p]laintiff's due process claim is brought against private actors, the undersigned finds that she has failed to state a claim as against [d]efendant Wanda Smith.") . . . . Because the Fourteenth Amendment protects us only against violations by state—and not private—actors, the Plaintiff's Fourteenth Amendment due-process claims against her lawyer and State Farm must be dismissed.

Order Denying First IFP Motion at 5. If, on the other hand, we've misinterpreted these passages—if, in other words, the Plaintiff did *not* mean to advance due-process claims against Mr. Truppman and State Farm—then she must clarify what claims she *does* want to bring against them (in numbered paragraphs, each limited as far as practicable to a single set of circumstances). *See* FED. R. CIV. P. 10(b).

* * *

Despite the fact that the Plaintiff ignored our unambiguous instructions, we'll give her one more chance to amend her complaint in a manner that's consistent with the Federal Rules, Eleventh Circuit law, and this Order. In that second amended complaint, she must (1) explain how she's been injured (and by whom), (2) articulate a basis for our subject-matter jurisdiction over the case and our personal jurisdiction over the Defendants, (3) show that venue is proper in our District, and (4) plead the elements of at least one viable cause of action, supporting each element with specific factual allegations. If the second amended complaint fails to assert viable claims against the Defendants, the Plaintiff will not have another opportunity to amend her pleadings.

Accordingly, the Court hereby **ORDERS and ADJUDGES** as follows:

1. The Amended Complaint [ECF No. 10] is **DISMISSED without prejudice**. By **April 4, 2024**, the Plaintiff shall file a second amended complaint. If, by that date, the Plaintiff fails to file a complaint that complies with the Federal Rules, the Local Rules, and this Order, the case *will* be dismissed *without* leave to amend.
2. The Second Motion for Leave to Proceed *in Forma Pauperis* [ECF No. 11] is **DENIED**.
3. This case shall remain **CLOSED**.

**DONE AND ORDERED** in the Southern District of Florida on March 19, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    Miriam Hernandez, *pro se*